NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. D. JORDAN,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>JAY C. HOAG, Founding General Partner,<br>Technology Crossover Ventures; et al.,<br><br>               Defendants-Appellees. | No. 18-15451<br><br>D.C. No. 5:15-cv-01819-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 12, 2019[**]

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

    J.D. Jordan appeals pro se from the district court's judgment dismissing his

action alleging a claim under § 16(b) of the Securities Exchange Act. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Jordan's action because Jordan failed to allege facts sufficient to state a plausible claim. *See* 17 C.F.R. § 240.16b–6(a) ("The establishment of . . . a call equivalent position . . . shall be deemed a purchase of the underlying security for purposes of section 16(b) of the Act . . . ."), § 240.16b–6(b) (disposition of underlying securities due to the exercise of a put equivalent position shall be exempt from the operation of § 16(b)); *Strom v. United States*, 641 F.3d 1051, 1060-62 (9th Cir. 2011) (setting forth elements of a § 16(b) claim; concluding that "unvested securities are acquired, and thus 'purchased' under § 16(b), when *granted*"); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

Appellees' motion for summary affirmance and sanctions (Docket Entry No. 10) is denied.

Appellant's motion for judicial notice (Docket Entry No. 18) is denied.

**AFFIRMED.**

18-15451